UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-553-FDW

| | |
|---|---|
| LAWRENCE ALAN HABERMAN, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MERRILL LYNCH, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's civil action following the transfer of this action from the Southern District of New York to this Court.  Pro se Plaintiff Lawrence Haberman, a federal inmate currently incarcerated at Federal Correctional Institution-Marianna, originally filed this action in the Southern District of New York on July 21, 2014.  On October 2, 2014, the Southern District of New York transferred the action to this Court.  For the following reasons, this Court transfers this action to the District of Michigan where venue is more appropriate.

   I.   **BACKGROUND**

Plaintiff's action here arises because of a criminal forfeiture action in the Northern District of Texas from 2008.  On February 1, 2008, Plaintiff pled guilty in the Northern District of Texas to criminal forfeiture and conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine.  On March 4, 2008, the Northern District of Texas entered a preliminary order of forfeiture directing that Plaintiff forfeit the sum of $20,000,000, as well as

1

funds on deposit in certain specified financial accounts, the cash value of a life insurance policy, and Plaintiff's interest in real property, the total of which was to be deducted from the $20,000,000. On May 20, 2008, that court sentenced Plaintiff to a term of imprisonment of 360 months, to be followed by a five-year term of supervised release, and ordered the forfeiture of the aforementioned property identified in the preliminary order of forfeiture. In executing the forfeiture order, government agents seized the funds in various financial accounts owned by Plaintiff. Since the filing of this action, Plaintiff has unsuccessfully challenged the forfeiture action. See Haberman v. United States, Nos. 4:14cv223-A, 4:07-cr-188-A(01), 2014 WL 1803415 (N.D. Tex. May 6, 2014).

Plaintiff has now filed this action against Defendant Merrill Lynch, alleging that the bank violated various federal laws by relinquishing the funds in his investment account pursuant to an allegedly unlawful seizure warrant used to effect the forfeiture order in the Northern District of Texas.[1] According to Plaintiff, the seized investment account was located in Michigan. This is one of several actions filed by Plaintiff in various federal district courts throughout the country in which he attempts to attack the criminal forfeiture action in the Northern District of Texas by suing innocent entities that, pursuant to the criminal forfeiture order and resultant seizure warrant, relinquished funds held in Plaintiff's financial accounts. For instance, Plaintiff has filed an almost identical suit in the District of Massachusetts, and a motion to dismiss for failure to state a claim is pending in that Court. See Haberman v. MFS Investment Mgmt., 1:14cv11861-PBS (Dist. Mass.). Plaintiff filed the action in the District of Massachusetts based on the fact that the investment account at issue in that action is located in Massachusetts.

II. DISCUSSION

---

[1] The seizure warrant was dated November 20, 2007.

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). A business entity such as a corporation "shall be deemed to reside, if a Defendant, in any judicial district in which such Defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Even if the 28 U.S.C. § 1391(b) venue requirements are satisfied, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice," a court may transfer a civil action to any district where the action "might have originally been brought." In determining whether transfer is appropriate, courts commonly consider the following factors: (1) plaintiff's initial choice of the forum; (2) the relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (4) possibility of view of premises, if view would be appropriate to the action; (5) enforceability of a judgment if one is obtained; (6) relative advantages and obstacles to a fair trial; (7) all other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interests in having localized controversies settled at home; (10) the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflict of laws. Datasouth Computer Corp. v.

Three Dimensional Techs., Inc., 719 F. Supp. 446, 450-51 (W.D.N.C. 1989); see also Duke Energy Fla., Inc. v. Westinghouse Elec. Co., No. 3:14-cv-00141-MOC-DSC, 2014 WL 2572960 (W.D.N.C. Jun. 9, 2014).

In transferring the action to this Court, the Southern District of New York noted that venue was proper in that district because Defendant's corporate headquarters is located in New York, New York. The Court, nevertheless, transferred the action to this Court under 28 § 1404(a) "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The Southern District of New York noted in its transfer order that the pendency of a related action in another district court is a significant factor in determining whether to transfer a case under § 1404(a). The Southern District of New York determined that this district is a proper venue for Plaintiff's action because (1) Defendant Merrill Lynch has corporate offices within this district; and (2) that another, similar action by Plaintiff is already pending in this Court. That action is Haberman v. Banc of America, 3:14-CV-12 (RJC) (filed Jan. 13, 2014). In Haberman, Plaintiff challenges the seizure of his Banc of America accounts, which were seized pursuant to the same seizure warrant that he challenges here.

Considering all the relevant factors listed above, this action will be transferred to the District of Michigan, the location of the investment account at issue in this action, and where Plaintiff is most likely to be able to exercise personal jurisdiction over Defendant Merrill Lynch. With due respect to the Southern District of New York, this Court finds that none of the relevant factors to be considered under § 1404(a) lead to a reasonable conclusion that the action should proceed in this district. Plaintiff was not convicted in this district, the forfeiture action did not originate from this district, the financial accounts at issue are not alleged to have been opened or held in this district, there are no relevant documents located in this district, and there are no

witnesses or parties alleged to be located in this district. In sum, this district has no connection to Plaintiff's action whatsoever. As to some of the other factors to be considered under § 1404(a), this district was not even Plaintiff's chosen forum and there is nothing indicating that a trial would be more convenient in this district or that this forum would be particularly convenient to either party.

The only possible factor that supports a transfer to this action is the fact that Plaintiff has filed another, similar action in this Court against Banc of America. A motion to dismiss for insufficient service is currently pending in that action, however, and it is very possible this Court will dispose of that action without even reaching the merits. Moreover, the Banc of America investment account at issue in the other pending action filed in this Court appears to have been originated and held in Charlotte, North Carolina. See (Doc. No. 1 at 31). In this action, on the other hand, Plaintiff alleges that the financial account at issue was originated and held in Michigan.[2] This Court finds that it is not appropriate to lay venue in this district, where the imposition of venue simply does not make sense, merely because Plaintiff filed another, similar action in this district, where venue does make sense.

Finally, the Court notes that Plaintiff appears to be close to reaching his third strike under 28 U.S.C. § 1915(g). See Haberman v. United States, No. 14-10621, 2014 WL 441207 (5th Cir. Sept. 10, 2014). Once he reaches his third strike, Plaintiff will no longer be allowed to proceed

---

[2] The Court observes that, given the factors to be considered in considering transfer of venue, the most appropriate venue in this case would appear to be the Northern District of Texas, which is intimately familiar with Plaintiff's challenges to the forfeiture action, and the events and omissions giving rise to this action clearly occurred in the Northern District of Texas. However, it is unclear whether Defendant Merrill Lynch would be subject to personal jurisdiction in the Northern District of Texas. It is, therefore, not clear as to whether this action could have been brought originally in the Northern District of Texas. Thus, the next best choice is the District of Michigan, the situs of the investment account at issue.

in forma pauperis in this or any other federal district court unless he can show that he is under imminent danger of serious physical injury.

### III.   CONCLUSION

For the reasons stated herein, this action will be transferred to the District of Michigan, the situs of the financial account at issue in this action.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of this Court is hereby ordered to transfer this action to the District of Michigan.

Signed: October 29, 2014

Frank D. Whitney
Chief United States District Judge

in forma pauperis in this or any other federal district court unless he can show that he is under imminent danger of serious physical injury.

### III.   CONCLUSION

For the reasons stated herein, this action will be transferred to the District of Michigan, the situs of the financial account at issue in this action.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of this Court is hereby ordered to transfer this action to the District of Michigan.

Signed: October 29, 2014

Frank D. Whitney
Chief United States District Judge