IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE ALAN HABERMAN,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | NO. 3:15-CV-3346-L |
| MERRILL LYNCH,<br>Defendant. | §<br>§<br>§<br>§ | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.   Background**

Plaintiff is a federal prisoner and is proceeding *pro se*. He has been granted leave to proceed *in forma pauperis*. Defendant is Merrill Lynch. The Court has not issued process pending judicial screening.

Plaintiff claims law enforcement officers in Tarrant County, Texas obtained unlawful warrants to seize his accounts at Merrill Lynch, and that Merrill Lynch unlawfully gave the money in his accounts to the government. Plaintiff claims diversity jurisdiction exists because he is a resident of Florida and Merrill Lynch is a resident of New York.

On February 1, 2008, Plaintiff pled guilty in the Northern District of Texas, Fort Worth Division, to criminal forfeiture and conspiracy to distribute and possess with intent to distribute

more than five kilograms of cocaine. *United States v. Haberman*, 4:07-CR-188-A. On March 4, 2008, the court entered a preliminary order of forfeiture directing that Plaintiff forfeit $20,000,000, as well as funds on deposit in certain specified financial accounts, the cash value of a life insurance policy, and Plaintiff's interest in real property, the total of which was to be deducted from the $20,000,000. On May 8, 2008, the court sentenced Plaintiff to 360 months and ordered forfeiture of the aforementioned property identified in the preliminary order of forfeiture.

Plaintiff now contends that the seizure of the money in his Merrill Lynch accounts was unlawful because Tarrant Count law enforcement officials had no legal authority to request the seizure warrant, and the federal magistrate judge lacked jurisdiction to issue the warrant because the judge was located in Texas and the property was located in other states.

## II.    Screening

The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is thus subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

Sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds

that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### III. Discussion

Plaintiff's complaint seeks to challenge the lawfulness of the forfeiture order in his criminal case. Plaintiff's remedy as to any unlawful forfeiture was through a timely-filed direct appeal.[1]

Additionally, Plaintiff previously challenged the lawfulness of the forfeiture and the seizure warrant in a motion for the return of property. *Haberman v. United States*, No. 4:14-CV-223-A (N.D. Tex., Ft. Worth Div.). In that case, Plaintiff argued the federal magistrate judge lacked jurisdiction to issue the seizure warrant because the judge was located in Texas and the seized property was located in other states, and the DEA task force officer who requested the seizure warrant had no legal authorization to do so. The court denied Plaintiff's motion for the return of property finding the seizure of Plaintiff's property was lawful. The court found that the preliminary order of forfeiture issued in Plaintiff's criminal case properly invoked 21 U.S.C. § 853 in authorizing the Attorney General or his designee to seize the property listed in the order. *See* 21 U.S.C. § 853(g). Further § 853 vests in the district courts of the United States "jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section or which has been ordered

---

[1] Plaintiff argued on direct appeal that the district court erred in imposing a personal money forfeiture. The Fifth Circuit Court of Appeals affirmed the district court's judgment. *United States v. Haberman*, No. 08-10500 (5th Cir. July 24, 2009).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**  Page -3-

forfeited under this section." *Id.* at § 853(1). Therefore, seizure of Plaintiff's funds was proper regardless of the location of Plaintiff's property. Plaintiff's complaint should be dismissed as frivolous.

**RECOMMENDATION**

The Court recommends that Plaintiff's claims be summarily dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Signed this 8 day of January, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).